John **CHIEF**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–951.

Court of Appeals of Alaska.

May 2, 1986.

Linda Wilson and Sen K. Tan, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

John Chief was convicted, following a jury trial, of attempted assault in the first degree, AS 11.41.200, 11.31.100. Chief was originally charged with attempted murder and the attempted assault conviction was a lesser-included offense.

The incident which resulted in Chief's indictment and conviction occurred in Bethel. Chief and his sister were arguing over the use of a coat. During the argument, Chief allegedly grabbed his sister and dunked her head underwater several times. Chief argues on appeal that the trial court erred in failing to dismiss the indictment because of prejudicial preindictment publicity. We affirm.

Prior to the indictment, several articles appeared in the local newspaper concerning Chief. Two of the articles concerned the murder of Chief's parents; Chief was a primary suspect in the murders. Three other articles dealt with Chief's alleged attempted drowning of his sister.

At the grand jury proceeding, one juror was excused because he was related to Chief by marriage. Other jurors indicated that they knew witnesses, or the victim. All of the jurors indicated, however, that they could be fair and disregard their knowledge about the people involved.

The state replaced the juror who was excused and reread the indictment. The state then asked if any of the grand jurors had "read about or heard about publicity regarding John Chief ..." The state continued:

A fair number of grand jurors raised their hand. You're instructed to disregard anything you've ever heard about Mr. Chief—read about or heard about in the local paper or in the news media or any other manner in which you know something about him. Is there anyone here that doesn't think they can do that? Okay. So, everyone can be fair and disregard anything you've—may have heard, either negative or positive that they've heard about Mr. Chief, and just consider the evidence? Okay. Good. All right.

The grand jury returned a true bill.

Chief filed a pretrial motion to dismiss the indictment, contending, among other things, that the indictment should be dismissed because of preindictment publicity. In addition, Chief filed a motion for a change of venue.

After a telephonic hearing on November 1, 1984, Judge Karen Hunt denied Chief's motion to dismiss the indictment. How-

ever, Judge Hunt granted Chief's change of venue motion, finding that due to pretrial publicity Chief could not receive a fair trial in Bethel. Chief's trial, and ultimate conviction, occurred in Anchorage.

Alaska apparently has adopted the rule that a defendant is entitled to an unbiased grand jury. *See Coleman v. State*, 553 P.2d 40, 47 (Alaska 1976); *Hohman v. State*, 669 P.2d 1316, 1319 (Alaska App. 1983). However, we have held that "[t]o overturn an indictment because of grand jury prejudice, a defendant should make a factual showing of prejudice." *Hohman*, 669 P.2d at 1319.

■ The issue of grand jury bias due to preindictment publicity has frequently been challenged on appeal. *See Beck v. Washington*, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *United States v. Burke*, 700 F.2d 70, 82 (2nd Cir.) *cert. denied*, 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *United States v. Myers*, 510 F.Supp. 323, 325 (E.D.N.Y.1980). The court in *Myers* stated:

> Turning first to the Fifth Amendment claim, we think it important to note that while the issue has been raised innumerable times, the defendants have been unable to point to a final decision in a single case where an indictment has been dismissed upon the ground that the grand jury was prejudiced by pre-trial publicity. [Citations omitted.]

*Myers*, 510 F.Supp. at 325. The *Myers* court pointed to three principles which led to the result. First, historically the grand jury has been in part an investigative body and has not been required to be immunized from newspaper reports. *Id.* at 325. Second, the cases in this area have required the defendant to bear a heavy burden to show actual prejudice as a result of publicity. *Id.* at 325-26. *Cf. Hohman*, 669 P.2d at 1319. Third, the role of the grand jury is different from that of the trial jury. The purpose of the grand jury is to determine whether there is sufficient evidence to bring the defendant to trial. The petit jury bears the ultimate decision of determining the defendant's guilt or innocence. *Myers*, 510 F.Supp. at 326.

■ The preindictment publicity in the current case was not substantial. Three to six months before the charged incident, newspaper articles appeared in the local paper, linking Chief with the murder of his parents. Then in July, 1984 an article appeared stating that Chief was accused of attempting to drown his sister. A small article appeared approximately two weeks later, noting that the wrong sister had been named in the July article. Finally, in September, an article appeared indicating that Chief, along with two others, had been indicted. The record of the grand jury proceedings in this case does not show that the preindictment publicity played an active part in the return of the indictment. Although numerous jurors indicated that they had heard the publicity, they all indicated that they could render a fair decision. Since the burden of establishing prejudice is on Chief, and Chief has not shown how he was prejudiced, the preindictment publicity in the present case does not warrant quashing the indictment. *See Beck*, 369 U.S. at 548-49, 82 S.Ct. at 959-60, 8 L.Ed.2d at 106-07; *Burke*, 700 F.2d at 82; *Myers*, 510 F.Supp. at 327.

■ In arguing that the trial court erred in failing to dismiss the indictment because of prejudice resulting from preindictment publicity, Chief points out that the trial court granted his motion to change venue. However, we do not believe that the trial court's granting of the change of venue motion sufficiently establishes that the grand jurors were prejudiced against Chief. Because of the differences in the roles of the grand jury and the petit jury, the defendant has a much greater burden to establish the prejudice of the grand jury. *See Myers*, 510 F.Supp. at 325-26. We have not found any precedent that requires a reindictment of the defendant after the granting of a motion to change venue. Therefore, the lower court properly refused to quash the indictment, and Chief's conviction is AFFIRMED.